UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LOPEZ, JR.,<br><br>      Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | Case No. ED CV 07-383-PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for disability insurance benefits. Because the Agency's decision that Plaintiff was not disabled within the meaning of the Social Security Act at any time during the period at issue is supported by substantial evidence, it is affirmed.

    Plaintiff applied for disability benefits on September 30, 2003, alleging that he had been disabled since November 3, 1994. (Administrative Record ("AR") 65, 85.) After his application was denied initially and on reconsideration, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). Plaintiff appeared with counsel and testified at the hearing on

October 12, 2005. (AR 680-743.) Plaintiff told the ALJ, among other things, that he first became disabled on March 3, 1995. (AR 685.)

On May 26, 2006, the ALJ denied the application. (AR 13-22.) First, he found that Plaintiff had engaged in substantial gainful activity for much of the time that he alleged that he was disabled and, thus, did not qualify for benefits. (AR 15-18.) Alternatively, he found that Plaintiff retained the residual functional capacity to work. (AR 19-22.) After the Appeals Council denied review, Plaintiff commenced this action.

Plaintiff claims that the ALJ failed to properly evaluate the medical evidence and wrongly concluded that he was not credible. (Joint Stip. at 3-8, 13-15.) Plaintiff does not, however, challenge the ALJ's finding that he was working almost continuously during the entire period he claims that he was disabled, a finding which is dispositive as to that period of time, even if Plaintiff's other arguments were meritorious.[1] For the following reasons, the Court rejects Plaintiff's claims in this appeal.

An individual is not disabled if he can work, i.e., engage in substantial gainful activity. 20 C.F.R. § 404.1571. In addition, to be disabled, a clamant must establish that his impairment precluded work (or will preclude work in the future) for at least 12 months. 42

---

[1] Nor has Plaintiff attempted to argue that work-related expenses would bring his earnings below the statutory presumption or that he worked in a special environment. *See*, *e.g.*, *Katz v. Sec'y of Health & Human Servs.*, 972 F.2d 290, 293-94 (9th Cir. 1992). In fact, Plaintiff stated in his initial disability report that, although he became "unable to work because of" his condition on November 3, 1994, he continued to work the same number of hours, and with no change in job-related duties, through July 12, 2003. (AR 85-86.)

U.S.C. § 1382c(a)(3)(A).  The Agency may use a claimant's earnings as proof that he has engaged in substantial gainful activity.  20 C.F.R. § 404.1574(a)(1).

Here, relying on Plaintiff's earnings statements, the ALJ made uncontroverted findings that Plaintiff was working from January 1996 to December 2004, and from June to October 2005.  (AR 18.)  Based on a disability onset date of March 3, 1995, the ALJ found that the only periods when Plaintiff was *not* engaged in substantial gainful activity were March 3 through December 31, 1995; January 1 through May 31, 2005; and November 1, 2005 through May 26, 2006, the date of the ALJ's decision.  (AR 13, 18.)  Because none of these periods meets or exceeds the required 12-month period, the ALJ found that Plaintiff's "periods of alleged disability do not satisfy the duration requirement."  (AR 22.)  This finding is supported by substantial evidence in the record and is affirmed.[2]

Plaintiff claims that the ALJ made a "mistake of fact" in finding that he had amended his disability onset date from November 3, 1994 to March 3, 1995.  (Joint Stip. at 2.)  The difference is important because, if Plaintiff's onset date was November 3, 1994, as alleged in his application, (AR 65, 85), he could be eligible for disability benefits for the 14-month period between November 3, 1994 and December

---

[2]  The record demonstrates that Plaintiff earned between $10,461.58 and $28,960.49 every year from 1996 to 2004, making his monthly income average between approximately $871 (in 2003) and $2,413 (in 2002), (AR 76), amounts which exceeded the substantial gainful activity earnings levels provided in the governing regulations.  *See* 20 C.F.R. § 404.1574(a),(b).  Additionally, Plaintiff reported $6,538.10 in earnings in 2005, (AR 83), an amount which the ALJ found exceeded the substantial gainful activity level for that year.  (AR 17.)  Plaintiff has not challenged these findings.

31, 1995.  But, as explained below, the ALJ's finding that Plaintiff's disability onset date was March 3, 1995, is supported by substantial evidence in the record.

At the hearing, the ALJ asked Plaintiff when he first became disabled.  (AR 685.)  Plaintiff responded: "1995.  I don't remember the date.  It was March, I believe, the 3rd." (AR 685.)  Although this conflicted with the onset date alleged in Plaintiff's application, (AR 65, 85), neither Plaintiff nor his counsel, who was present at the hearing, raised any issue about the new date.  In his decision, the ALJ adopted the March 3rd date as the onset date.  Plaintiff claims that this was error.

The ALJ was entitled to rely on Plaintiff's testimony in finding that March 3, 1995, was the onset date.  *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) ("Although [claimant] alleged a date of onset of June 1, 1991 in his application for benefits, he agreed at oral argument to accept the earliest onset date supported by the medical evidence ... September 29, 1993.")  Moreover, the medical evidence does not support an earlier onset date.  For the period from November 1994 through March 1995, the record contains only one note, dated December 6, 1994, outlining a complaint of rectal bleeding and "internal fissures" and Plaintiff's request for surgical intervention, with the added notation that Plaintiff "was followed in general surgery for this problem, last appt 2/94, missed last 2 appts."  (AR 348, 586-87.)  Plaintiff did not allege in his

application that rectal bleeding or internal fissures limited his ability to work, (AR 85), nor did he do so at any time during the hearing.  Thus, an earlier onset date was not warranted.[3]

There remains, however, an issue as to disability for the 12-month period following November 1, 2005 (the last date Plaintiff was gainfully employed).  Had Plaintiff established that he was unable to work during this period (even though a portion of it extended beyond the date of the ALJ's decision), he would have been eligible for benefits.  There is, however, very little evidence in the record supporting any such argument.  And the evidence that is there comes primarily from Plaintiff's submissions and his testimony.  The problem with this evidence is that the ALJ found that Plaintiff was not credible.  Though Plaintiff challenges that finding in this appeal, the Court concludes that the ALJ's credibility finding is fully supported by the record.  As the ALJ observed, "[Plaintiff's] allegations and testimony are marked by inconsistency and self-contradiction."  (AR 20.)  When you combine the dearth of objective medical evidence with the ALJ's finding that Plaintiff was not credible, you arrive at only one conclusion: the evidence does not

---

[3] Although neither party has raised the issue, this Court also finds that Plaintiff's situation is distinguishable from that presented in *Gatliff*, 172 F.3d at 692-93, where the Ninth Circuit held that a claimant who can hold a job for only a short period of time is not capable of substantial gainful activity.  Here, unlike the claimant in *Gatliff*, who could perform a job for only two months at a time, Plaintiff testified that he regularly worked as a carpet installer until approximately July of 2003.  (AR 692.)

establish that Plaintiff would have been disabled for a 12-month period beginning November 1, 2005. For these reasons, the ALJ's decision is affirmed.

IT IS SO ORDERED.

DATED: September 23, 2008.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\LOPEZ, A 383\Memo_Opinion.wpd